EXHIBIT 1

ELECTRONICALLY FILED - 2022 Aug 01 3:10 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | C/A NO.: 2022-CP-26- |
| | |
| Evangeline Pointer, on behalf of herself and all others similarly situated, | |
| | |
| PLAINTIFF, | |
| | **SUMMONS** |
| vs. | |
| | **JURY TRIAL DEMANDED** |
| New Racepath, Inc. d/b/a Big Mike's Soul Food, Michael L. Chestnut, and Michael "Coby" Chestnut, | |
| | |
| DEFENDANTS. | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the Law Office of William J. Luse, Inc., 917 Broadway Street, Myrtle Beach, South Carolina 29577, within thirty (30) days after service on you, exclusive of the date of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgement by default will be rendered against you for the relief demanded in the Complaint.

Respectfully Submitted,

*s/ William J. Luse*

William J. Luse, Esq.
S.C. Bar No.: 72790
Law Office of William J. Luse, Inc.
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
Fax: 843-839-4815
August 1, 2022                 bill@getlusenow.com
Myrtle Beach, SC               *Attorney for Plaintiff*

1

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY ) C/A NO.: 2022-CP-26-
)
Evangeline Pointer, on behalf of herself and )
all others similarly situated, )
)
PLAINTIFF, ) **COMPLAINT**
)
vs. ) (Violation of the SC Payment of Wages Act)
)
New Racepath, Inc. d/b/a Big Mike's Soul ) **JURY TRIAL DEMANDED**
Food, Michael L. Chestnut, and Michael )
"Coby" Chestnut, )
)
DEFENDANTS. )

Plaintiff, Evangeline Pointer ("Pointer"), on behalf of herself and all others similarly situated, complaining of the acts of Defendants New Racepath, Inc. d/b/a Big Mike's Soul Food ("Big Mike's"), Michael L. Chestnut, and Michael "Coby" Chestnut ("Coby"), alleges as follows:

## NATURE OF CLAIM

1. This action is brought as an action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA").

## PARTIES, JURISDICTION, and VENUE

2. Plaintiff re-alleges each and every allegation contained in the above paragraphs as if repeated verbatim.

3. Plaintiff Evangeline Pointer is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendant as defined by SCPWA.

ELECTRONICALLY FILED - 2022 Aug 01 3:10 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

ELECTRONICALLY FILED - 2022 Aug 01 3:10 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

4. New Racepath, Inc. is a South Carolina company maintaining offices and agents in Horry County, South Carolina. New Racepath, Inc. is an employer of individuals and operates a restaurant in Horry County, South Carolina, doing business as Big Mike's Soul Food. Further, at all times complained of herein, "Big Mike's" was the employer of the Plaintiff as defined by SCPWA.

5. Upon information and belief, Michael L. Chestnut is a citizen and resident of Horry County, South Carolina and is an owner and/or member and/or agent, and/or officer of Big Mike's Soul Food. Further, at all times complained of herein Michael L. Chestnut was the employer of the Plaintiff as defined by SCPWA.

6. Upon information and belief, Michael "Coby" Chestnut is a citizen and resident of Horry County, South Carolina and is the general manager of Big Mike's Soul Food in Myrtle Beach or otherwise is an agent of Big Mike's Soul Food. Further, at all times complained of herein Michael "Coby" Chestnut was the employer of the Plaintiff as defined by SCPWA.

7. The events giving rise to this claim occurred primarily in Horry County, South Carolina, and, therefore, this Court has jurisdiction over the parties and subject matter.

8. The work and pay records, including the "tip-out" reports, of Plaintiff and/or Plaintiff's class are in the possession, custody and/or control of Defendants, and Defendants are under a duty, pursuant to state law, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

ELECTRONICALLY FILED - 2022 Aug 01 3:10 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

9.  Plaintiff is informed and believes that the Defendants have policies and/or procedures whereby servers are paid less than required under the SCPWA by the Defendants' use of an unlawful tip credit scheme and an unlawful tip pooling scheme in violation of the SCPWA. In addition, Defendants did not pay Plaintiff and/or other servers the lawful rate of wages due as provided under SCPWA.

10. Plaintiff's and/or other servers' individual claims under the SCPWA are not in an amount that exceeds $74,999.00.

### FACTS

11. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated verbatim.

12. Plaintiff Evangeline Pointer was employed by Defendants from approximately March of 2017 through April of 2022.

13. Defendants own and operate "Big Mike's".

14. Defendants paid Plaintiff, and on information and belief, other servers of "Big Mike's" a direct, or hourly, wage that violated the SCPWA by wrongfully taking a "Tip Credit" while requiring Plaintiff and/or other servers to perform non-tip producing duties in excess of that allowed by law.

15. Defendants have/had a policy that required Plaintiff, and on information and belief, all servers, to remit, from the tips they received, a portion of their tips at the end of their shift into the mandatory Tip Pool with Defendants' busboys.

16. Defendants have/had a policy that required Plaintiff, and on information and belief, all servers, to remit, from the tips they received, a portion of their tips at the end of their shift to supervisors, managers, and/or the "house."

ELECTRONICALLY FILED - 2022 Aug 01 3:10 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

17. Defendants have/had a policy that required Plaintiff, and on information and belief, all servers, to perform non-tipping work, including, but not limited to, working in "Big Mike's" performing non-tipping duties such as deep cleaning work while paying Pointer and other similarly situated servers Two and 13/100 dollars ($2.13) an hour and not the required minimum wage of Seven and 25/100 dollars ($7.25).

18. Defendants have/had a policy that required Plaintiff, and on information and belief, all servers to purchase "Big Mike's" T-shirts and visors from the Defendants despite the Defendants taking a Tip Credit and paying the Plaintiff and other servers Two and 13/100 dollars ($2.13) an hour for their work.

19. Defendants would sometimes have company-wide meetings which were mandatory for all employees. When the Plaintiff and/or other servers would attend these mandatory company meetings, they would only be paid at a rate of $2.13 despite Plaintiff and/or other servers not being eligible to receive tips during the meetings in violation of the SCPWA.

20. Defendants have/had a policy wherein the "house" will keep tips left by curbside pick-up and/or to-go orders from customers and not give the tips to the servers, including but not limited to, Plaintiff in violation of the SCPWA.

21. Defendants have/had a policy wherein the "house" will keep tips left by private parties and/or catered events in violation of the SCPWA.

**FOR A FIRST CAUSE OF ACTION**
**(SOUTH CAROLINA PAYMENT OF WAGES ACT)**
**(INDIVIDUAL AND CLASS ACTION)**

22. Plaintiff, on behalf of herself and all similarly situated employees, re-alleges and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

ELECTRONICALLY FILED - 2022 Aug 01 3:10 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

23. Defendants are an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

24. Defendants employed Plaintiff Pointer and the members of the Plaintiff's class within the State of South Carolina.

25. Plaintiff Pointer worked for Defendants with the clear understanding and agreement with Defendants that her compensation would be consistent with all applicable laws, including state wage laws.

26. Plaintiff Pointer had an employment agreement with Defendants whereby she would be paid wages for all hours worked.

27. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

28. Money received by Plaintiff Pointer and/or other servers as tips were "wages" as defined by SCPWA § 41-10-10(2).

29. Pursuant to SCPWA § 41-10-40(C), "an employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law."

30. Defendants illegally deducted amounts from the wages of Plaintiff Pointer and/or other servers of "Big Mike's" without proper authorization.

31. Defendants owe Plaintiff Pointer and/or other servers that worked at "Big Mike's" the tips that were illegally deducted from their wages.

ELECTRONICALLY FILED - 2022 Aug 01 3:10 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

32. Defendants owe Plaintiff Pointer and/or Plaintiff's class at least minimum wage for all hours that they worked.

33. Plaintiff Pointer, and upon information and belief, all servers working at "Big Mike's" were not paid all wages due by Defendants as required by SCPWA § 40-10-40(D).

34. Plaintiff Pointer, and upon information and belief, all other servers who were working at "Big Mike's" were not paid all wages due because Plaintiff and/or other servers were not paid proper minimum wage, incurred expenses for the benefit of the Defendants, and had improper deductions taken from their wages and tips.

35. Defendants owe Plaintiff Pointer and/or other severs for any amounts charged to them for the purchase of T-shirts and/or visors.

36. Defendants' actions were willful, and Defendants have no good-faith reason why they took these actions.

37. Pursuant to S.C. Code § 41-10-80(C), Plaintiff Pointer and the members of the Plaintiff's class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorneys' fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiff respectfully request that the Court enter judgment for the following relief:

    a.  An Order that the Defendants violated the SCPWA;

    b.  Actual damages in the amount of wages due under SCPWA;

    c.  Treble damages pursuant to SCPWA;

    d.  Reasonable attorney's fees and costs;

    e.  Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable state laws; and

f. Such further relief as the Court deems just and proper.

Plaintiffs request a jury trial.

Respectfully Submitted,

*S/ William J. Luse*

William J. Luse, Esq.
S.C. Bar No.: 72790
Law Office of William J. Luse, Inc.
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
Fax: 843-839-4815
August 1, 2022                    bill@getlusenow.com
Myrtle Beach, SC                  *Attorney for Plaintiff*

ELECTRONICALLY FILED - 2022 Aug 01 3:10 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

EXHIBIT 2

**STATE OF SOUTH CAROLINA**

**COUNTY OF HORRY**

**IN THE COURT OF COMMON PLEAS**
**FIFTEENTH JUDICIAL CIRCUIT**
**C/A NO. 2022-CP-26-04903**

| | | |
|---|---|---|
| Evangaline Porter, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | ACCEPTANCE OF SERVICE |
| vs. | ) ) | |
| New Racepath, Inc., d/b/a Big Mike's Soul Food, Michael L. Chestnut, and Michael "Coby" Chestnut, | ) ) ) ) | |
| Defendants. | ) ) | |

DUE AND LEGAL SERVICE of the Summons, and Amended Complaint are hereby accepted and a copy duly retained by defendant New Racepath, Inc., d/b/a Big Mike's Soul Food, Inc., by its registered agent, Michael L. Chestnut, this 15th day of August, 2022.

NEW RACEPATH, INC.

By: Michael L. Chestnut, Registered Agent
1202 Ragin Street
Myrtle Beach, SC  29577

**STATE OF SOUTH CAROLINA**

**COUNTY OF HORRY**

**IN THE COURT OF COMMON PLEAS**
**FIFTEENTH JUDICIAL CIRCUIT**
**C/A NO. 2022-CP-26-04903**

Evangaline Porter, on behalf of herself )
and all others similarly situated, )
     )
         Plaintiff, )
     )
         vs. )
     )
New Racepath, Inc., d/b/a Big Mike's Soul )
Food, Michael L. Chestnut, and Michael )
"Coby" Chestnut, )
     )
         Defendants. )

         ACCEPTANCE OF SERVICE

DUE AND LEGAL SERVICE of the Summons, and Amended Complaint are hereby accepted and a copy duly retained by defendant, Michael "Coby" Chestnut, this _15th_ day of August, 2022.

Michael "Coby" Chestnut

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT
C/A NO. 2022-CP-26-04903

Evangaline Porter, on behalf of herself
and all others similarly situated,

                               Plaintiff,

vs.

New Racepath, Inc., d/b/a Big Mike's Soul
Food, Michael L. Chestnut, and Michael
"Coby" Chestnut,

                         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

ACCEPTANCE OF SERVICE

       DUE AND LEGAL SERVICE of the Summons, and Amended Complaint are hereby accepted and a copy duly retained by defendant, Michael L. Chestnut, this 15th day of August, 2022.

                                           Michael L. Chestnut
                                           1202 Ragin Street
                                           Myrtle Beach, SC  29577



STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY ) CIVIL ACTION NO.: 2022-CP-26-04903

Evangeline Porter, on behalf of herself )
and all others similarly situated )
)
    Plaintiff )
)    **CONSENT MOTION TO ENLARGE TIME**
v. )    **FOR DEFENDANTS TO RESPOND TO**
)    **PLAINTIFF'S COMPLAINT**
New Racepath, Inc. d/b/a Big Mike's )
Soul Food, Michael L. Chestnut, and )
Michael "Coby" Chestnut )
)
    Defendants. )

**TO:    Evangeline Porter and her attorney, William Luse, Esq.:**

The Defendants, New Racepath, Inc., d/b/a Big Mike's Soul Food, Michael L.

Chestnut, and Michael "Coby" Chestnut (collectively, "Defendants") hereby move, pursuant

to Rule 6(b) of the South Carolina Rules of Civil Procedure ("SCRCP"), for a thirty (30) day

extension of time for Defendants to answer or otherwise plead to Plaintiff's Complaint in

this action. If this Motion is granted, Defendants' response to Plaintiff's Complaint will be

due on November 14, 2022.

Plaintiff previously granted one extension to Defendants, which made their deadline

to answer or otherwise plead to Plaintiff's Complaint October 14, 2022. See Rule 6(a),

SCRCP.

Rule 6(b), SCRCP, provides, in pertinent part:

> When by these rules…an act is required or allowed to be done
> at or within a specified time, the time may be extended by
> written agreement of counsel for an additional period not
> exceeding the original time provided in these rules, or the court
> for cause shown may at any time in its discretion (1) with or
> without written motion or notice order the period enlarged if

request therefor is made before the expiration of the period as
originally prescribed or extended…

Defendants now move for an extension of time to answer or otherwise plead to Plaintiff's

Complaint, pursuant to Rule 6(b), <u>SCRCP</u>, on the grounds of good cause shown, which is

that the parties are working toward resolving any and all issues that may be resolved prior

to proceeding with litigation herein.  Plaintiff, Evangeline Porter, behalf of herself and all

others similarly situated ("Plaintiff"), consents to Defendants' request for a thirty-day

extension of time to answer or otherwise plead to Plaintiff's Complaint.

Respectfully submitted,

**LAW OFFICES OF JOHN M. LEITER, PA**

<u>/s/ *John M. Leiter*</u>
John M. Leiter, SC Bar #3187
405 79th Avenue North, Suite B
Myrtle Beach, SC 29572
(843) 449-1451; fax (843) 449-4884
Attorney for Defendants
Jleiter@48th.com


**<u>WITH CONSENT OF:</u>**

 <u>/s/ William J. Luse</u>

William J. Luse, SC Bar 72790
Law Office of William J. Luse
917 Broadway Street
Myrtle Beach, SC 29577
843-839-4795; fax 843-839-4815
Attorney for Plaintiff
bill@getlusenow.com

2

EXHIBIT 4

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF HORRY | ) | CIVIL ACTION NO. 2022-CP-26-04903 |
| | ) | |
| Evangeline Porter, on behalf of herself and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION FOR ENGLARGEMENT OF TIME** |
| New Racepath, Inc., d/b/a Big Mike's Soul | ) | **TO FILE ANSWER TO PLAINTIFF'S** |
| Food, Michael L. Chestnut, and Michael | ) | **COMPLAINT** |
| "Coby" Chestnut, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Whereas, on October 13, 2022, Defendants, New Racepath, Inc., d/b/a Big Mike's Soul Food, Michael L. Chestnut, and Michael "Coby" Chestnut, (collectively "Defendants"), with the consent of Plaintiff, Evangeline Porter, on behalf of herself and all others similarly situated ("Plaintiff"), filed a Consent Motion for Extension of Time to File Answer or otherwise plead to Plaintiff's Complaint. Defendants' Motion sought a thirty (30) day extension of time for Defendant's to answer or otherwise plead to Plaintiff's Complaint, which, if granted would make Defendant's Answer or other responsive pleading due on November 14, 2022. Defendants' Motion was made on the grounds that the parties are working toward resolving any and all issues that may be resolved prior to proceeding with litigation in this case.

Rule 6(b), SCRCP, provides, in pertinent part:

> When by these rules…an act is required or allowed to be done at or within a specified time, the time may be extended by written agreement of counsel for an additional period not exceeding the original time provided in these rules, or the court for cause shown may at any time in its discretion (1) with or without written motion or notice order the period enlarged if request therefor is made before the expiration of the period as originally prescribed or extended…

ELECTRONICALLY FILED - 2022 Oct 13 4:23 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

ELECTRONICALLY FILED - 2022 Oct 13 4:23 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

After review and consideration of Defendants' Consent Motion For Extension of Time to Answer or otherwise Plead to Plaintiff's Complaint, it is hereby ORDERED that Defendants' Motion is GRANTED for good cause shown and Defendants' Answer or other responsive pleading to Plaintiff's Complaint is due on November 14, 2022.

**IT IS SO ORDERED!**

*[PREPARED FOR ELECTRONIC SIGNATURE]*

ELECTRONICALLY FILED - 2022 Oct 13 4:23 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903



Horry Common Pleas

**Case Caption:**     Evangeline  Pointer VS   New Racepath Inc , defendant, et al

**Case Number:**     2022CP2604903

**Type:**     Order/Consent Order

IT IS SO ORDERED

s/ The Honorable William H. Seals Jr.  #2157

Electronically signed on 2022-10-13 15:27:50     page 3 of 3

EXHIBIT 5

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | C/A NO.: 2022-CP-26-04903 |
| ) | |
| Evangeline Pointer, on behalf of herself and ) | |
| all others similarly situated, ) | |
| ) | |
| PLAINTIFF, ) | **AMENDED SUMMONS** |
| ) | |
| vs. ) | (Class Action/ Violation of South Carolina |
| ) | Payment of Wages Act and Fair Labor |
| New Racepath, Inc. d/b/a Big Mike's Soul ) | Standards Act) |
| Food, Michael L. Chestnut, and Michael ) | |
| "Coby" Chestnut, ) | **JURY TRIAL DEMANDED** |
| ) | |
| DEFENDANTS. ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the Law Office of William J. Luse, Inc., 917 Broadway Street, Myrtle Beach, South Carolina 29577, within thirty (30) days after service on you, exclusive of the date of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgement by default will be rendered against you for the relief demanded in the Complaint.

Respectfully Submitted,

*s/ William J. Luse*

William J. Luse, Esq.
S.C. Bar No.: 72790
Law Office of William J. Luse, Inc.
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
Fax: 843-839-4815

November 3, 2022
Myrtle Beach, SC

bill@getlusenow.com
*Attorney for Plaintiff*

1

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903



| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | C/A NO.: 2022-CP-26-04903 |
| | ) | |
| Evangeline Pointer, on behalf of herself and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| PLAINTIFF, | ) | **AMENDED COMPLAINT** |
| | ) | |
| vs. | ) | (Class Action / Violation of South Carolina |
| | ) | Payment of Wages Act and Fair Labor |
| | ) | Standards Act) |
| New Racepath, Inc. d/b/a Big Mike's Soul | ) | |
| Food, Michael L. Chestnut, and Michael | ) | **JURY TRIAL DEMANDED** |
| "Coby" Chestnut, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff, Evangeline Pointer ("Pointer"), on behalf of herself and all others similarly situated, complaining of the acts of Defendants New Racepath, Inc. d/b/a Big Mike's Soul Food ("Big Mike's"), Michael L. Chestnut, and Michael "Coby" Chestnut ("Coby"), alleges as follows:

## <u>NATURE OF CLAIM</u>

1. This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the South Carolina Rules of Civil Procedure.

2. This action is brought individually and as a collective action for actual damages, liquidated damages, attorney's fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

## PARTIES, JURISDICTION, and VENUE

3. Plaintiff re-alleges each and every allegation contained in the above paragraphs as if repeated verbatim.

4. Plaintiff Evangeline Pointer is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendant as defined by SCPWA and/or the FLSA.

5. New Racepath, Inc. is a South Carolina company maintaining offices and agents in Horry County, South Carolina. New Racepath, Inc. is an employer of individuals and operates a restaurant in Horry County, South Carolina, doing business as Big Mike's Soul Food. Further, at all times complained of herein, "Big Mike's" was the employer of the Plaintiff as defined by SCPWA and/or the FLSA.

6. Upon information and belief, Michael L. Chestnut is a citizen and resident of Horry County, South Carolina and is an owner and/or member and/or agent, and/or officer of Big Mike's Soul Food. Further, at all times complained of herein Michael L. Chestnut was the employer of the Plaintiff as defined by SCPWA and/or the FLSA.

7. Upon information and belief, Michael "Coby" Chestnut is a citizen and resident of Horry County, South Carolina and is the general manager of Big Mike's Soul Food in Myrtle Beach or otherwise is an agent of Big Mike's Soul Food. Further, at all times complained of herein Michael "Coby" Chestnut was the employer of the Plaintiff as defined by SCPWA and/or the FLSA.

8. The events giving rise to this claim occurred primarily in Horry County, South Carolina, and, therefore, this Court has jurisdiction over the parties and subject matter.

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

9.  The work and pay records, including the "tip-out" reports, of Plaintiff and/or Plaintiff's class are in the possession, custody and/or control of Defendants, and Defendants are under a duty, pursuant to state law, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

10. Plaintiff is informed and believes that the Defendants have policies and/or procedures whereby servers are paid less than required under the SCPWA and/or the FLSA by the Defendants' use of an unlawful tip credit scheme and an unlawful tip pooling scheme in violation of the SCPWA and/or the FLSA. In addition, Defendants did not pay Plaintiff and/or other servers the lawful rate of wages due as provided under SCPWA and/or the FLSA.

11. Plaintiffs brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within three years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from which "Big Mike's" required a portion of those tips to be placed in the mandatory tip pool created by Defendants ("Tip Pool").

12. Pointer also brings this action as an opt-out class action under Rule 23 of the South Carolina Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from which "Big Mike's" required a portion of those

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

tips to be placed in the Tip Pool, without written or legal authorization and/or any employees who were required to purchase T-Shirts or uniforms from Defendants.

13. Upon information and belief, this action satisfies the requirements of SCCRP 23(a) and Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed Plaintiff's class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiff's class;

    c. The claims of Plaintiff are typical of the class of the proposed Plaintiff's class; and

    d. Plaintiff will fairly and adequately protect the interests of the class.

14. In addition, upon information and belief, this action satisfies one or more of the requirements of SCCRP 23(a) and Fed. R. Civ. P. 23(b), because the questions of law and/or facts common to the members of the proposed Plaintiff's class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15. Based upon the above, jurisdiction and venue are proper in this court and division.

16. The work and pay records, including the "tip-out" reports, of Pointer, and the members of the putative class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

## FACTS

17. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated verbatim.

18. Plaintiff Evangeline Pointer was employed by Defendants from approximately March of 2017 through April of 2022.

19. Defendants own and operate "Big Mike's".

20. Defendants paid Plaintiff, and on information and belief, other servers of "Big Mike's" a direct, or hourly, wage that violated the SCPWA and/or FLSA by wrongfully taking a "Tip Credit" while requiring Plaintiff and/or other servers to perform non-tip producing duties in excess of that allowed by law.

21. Defendants paid Plaintiff, and on information and belief, other servers of "Big Mike's" a direct, or hourly wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA 29 U.S.C § 203(m).

22. Defendants have/had a policy that required Plaintiff, and on information and belief, all servers, to remit, from the tips they received, a portion of their tips at the end of their shift into the mandatory Tip Pool with Defendants' busboys.

23. Defendants have/had a policy that required Plaintiff, and on information and belief, all servers, to remit, from the tips they received, a portion of their tips at the end of their shift to supervisors, managers, and/or the "house."

24. Defendants have/had a policy that required Plaintiff, and on information and belief, all servers, to perform non-tipping work, including, but not limited to, working in "Big Mike's" performing non-tipping duties such as deep cleaning work while paying Pointer

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

and other similarly situated servers Two and 13/100 dollars ($2.13) an hour and not the required minimum wage of Seven and 25/100 dollars ($7.25).

25. Defendants have/had a policy that required Plaintiff, and on information and belief, all servers to purchase "Big Mike's" T-shirts and visors from the Defendants despite the Defendants taking a Tip Credit and paying the Plaintiff and other servers Two and 13/100 dollars ($2.13) an hour for their work.

26. Defendants would sometimes have company-wide meetings which were mandatory for all employees. When the Plaintiff and/or other servers would attend these mandatory company meetings, they would only be paid at a rate of $2.13 despite Plaintiff and/or other servers not being eligible to receive tips during the meetings in violation of the SCPWA and/or the FLSA.

27. Defendants have/had a policy wherein the "house" will keep tips left by curbside pick-up and/or to-go orders from customers and not give the tips to the servers, including but not limited to, Plaintiff in violation of the SCPWA and/or the FLSA.

28. Defendants have/had a policy wherein the "house" will keep tips left by private parties and/or catered events in violation of the SCPWA and/or the FLSA.

### FOR A FIRST CAUSE OF ACTION
### (SOUTH CAROLINA PAYMENT OF WAGES ACT)
### (INDIVIDUAL AND CLASS ACTION)

29. Plaintiff, on behalf of herself and all similarly situated employees, re-alleges and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

30. Defendants are an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

31. Defendants employed Plaintiff Pointer and the members of the Plaintiff's class within the State of South Carolina.

32. Plaintiff Pointer worked for Defendants with the clear understanding and agreement with Defendants that her compensation would be consistent with all applicable laws, including state wage laws.

33. Plaintiff Pointer had an employment agreement with Defendants whereby she would be paid wages for all hours worked.

34. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

35. Money received by Plaintiff Pointer and/or other servers as tips were "wages" as defined by SCPWA § 41-10-10(2).

36. Pursuant to SCPWA § 41-10-40(C), "an employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law."

37. Defendants illegally deducted amounts from the wages of Plaintiff Pointer and/or other servers of "Big Mike's" without proper authorization.

38. Defendants owe Plaintiff Pointer and/or other servers that worked at "Big Mike's" for the improper amounts that were illegally deducted from their wages.

39. Defendants owe Plaintiff Pointer and/or Plaintiff's class at least minimum wage for all hours that they worked.

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

40. Plaintiff Pointer, and upon information and belief, all servers working at "Big Mike's" were not paid all wages due by Defendants as required by SCPWA § 40-10-40(D).

41. Plaintiff Pointer, and upon information and belief, all other servers who were working at "Big Mike's" were not paid all wages due because Plaintiff and/or other servers were not paid proper minimum wage, incurred expenses for the benefit of the Defendants, and had improper deductions taken from their wages and tips.

42. Defendants owe Plaintiff Pointer and/or other severs for any amounts charged to them for the purchase of T-shirts and/or visors.

43. Defendants' actions were willful, and Defendants have no good-faith reason why they took these actions.

44. Pursuant to S.C. Code § 41-10-80(C), Plaintiff Pointer and the members of the Plaintiff's class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorneys' fees.

**FOR A SECOND CAUSE OF ACTION**
**(VIOLATION OF FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 203(M), 206)**
**(INDIVIDUAL AND CLASS ACTION)**

45. Plaintiffs re-allege each and every allegation contained in the above paragraphs as if repeated here verbatim.

46. At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) AND 203(s).

47. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

48. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

49. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any pooling, or sharing, of tips is shared only with other employees who customarily receive tips.

50. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, provided the employees are doing tip producing work and not kitchen work and/or deep cleaning duties.

51. The FLSA requires employers to pay hourly employees who work over forty (40) hours in a week at overtime rates of 1 ½ times their normal hourly rate or no lower than the prevailing minimum wages at time and a half for overtime work. ($7.25 at time and a half equals $10.88).

52. Pointer, and upon information and belief all Plaintiffs were not properly paid for their overtime hours of work for the Defendants.

53. Pointer, and upon information and belief all Plaintiffs, were required by Defendants to pool, or share, their tips with employees, who are not employees who customarily and regularly receive tips, and therefore the Tip Pool is invalidated.

54. Pointer, and upon information and belief all Plaintiffs, were required by Defendants to perform non-server activities such as deep cleaning for hours each shift while the Defendants continued to take a "Tip Credit" for Pointer's and other Plaintiffs non-tip-producing and non-server work and therefore the "Tip Credit" is invalidated.

55. When the Tip Pool and Tip Credit is invalidated, the employer can no longer enjoy the benefits to the Tip Credit provision, 29 U.S.C. § 203(m).

56. Defendants have violated the Tip Pool and Tip Credit under the FLSA, 29 U.S.C. § 203(m) 206, in reckless disregard of the rights of Plaintiffs.

57. As such, Plaintiff and Plaintiff's class are entitled to recover in this action actual damages for wrongfully deducted wages and an equal amount in liquidated damages as well as reasonable attorney's fees and costs of this action.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiff respectfully request that the Court enter judgment for the following relief:

a)  An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have not yet "opted-in," under the FLSA;

b)  An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

c)  An order stating Defendants violated the FLSA;

d)  An award of actual and liquidated damages and other relief as provided under the FLSA;

e)  An order certifying a class action under Rule 23 of the South Carolina Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

f)  Actual damages in the amount of wages due under SCPWA;

g)  Treble damages pursuant to SCPWA;

h)  Reasonable attorney's fees and costs;

i)  Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws;

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

j)   Any and all other damages allowed under SCPWA and/or FLSA and

k)   Such further relief as the Court deems just and proper.

Plaintiffs request a jury trial.

<div style="margin-left:40%">

Respectfully Submitted,

*S/ William J. Luse*
William J. Luse, Esq.
S.C. Bar No.: 72790
Law Office of William J. Luse, Inc.
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
Fax: 843-839-4815
</div>

November 3, 2022                    bill@getlusenow.com
Myrtle Beach, SC                    *Attorney for Plaintiff*

ELECTRONICALLY FILED - 2022 Nov 03 5:09 PM - HORRY - COMMON PLEAS - CASE#2022CP2604903

EXHIBIT 6

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | C/A NO.: 2022-CP-26-04903 |
| | ) | |
| Evangeline Pointer, on behalf of herself and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **ACCEPTANCE OF SERVICE** |
| | ) | |
| New Racepath, Inc. d/b/a Big Mike's Soul | ) | |
| Food, Michael L. Chestnut, and Michael | ) | |
| "Coby" Chestnut, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

DUE AND LEGAL SERVICE of the Amended Summons and Amended Complaint are hereby accepted a copy duly retained by Defendant, New Racepath, Inc. d/b/a Big Mike's Soul Food, Inc., by its registered agent, Michael L. Chestnut, this 25th day of November, 2022.

NEW RACEPATH, INC.

By: Michael L. Chestnut, Registered Agent
1202 Ragin Street
Myrtle Beach, SC 29577

1

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | C/A NO.: 2022-CP-26-04903 |
| | ) | |
| Evangeline Pointer, on behalf of herself and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **ACCEPTANCE OF SERVICE** |
| | ) | |
| New Racepath, Inc. d/b/a Big Mike's Soul | ) | |
| Food, Michael L. Chestnut, and Michael | ) | |
| "Coby" Chestnut, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

DUE AND LEGAL SERVICE of the Amended Summons and Amended Complaint are hereby accepted a copy duly retained by Defendant, Michael L. Chestnut, this 25th day of November, 2022.

Michel L. Chestnut
1202 Ragin Street
Myrtle Beach, SC 29577

1

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY ) C/A NO.: 2022-CP-26-04903
)
Evangeline Pointer, on behalf of herself and )
all others similarly situated, )
)
PLAINTIFF, )
)
vs. )
) **ACCEPTANCE OF SERVICE**
New Racepath, Inc. d/b/a Big Mike's Soul )
Food, Michael L. Chestnut, and Michael )
"Coby" Chestnut, )
)
DEFENDANTS. )

  DUE AND LEGAL SERVICE of the Amended Summons and Amended Complaint are

hereby accepted a copy duly retained by Defendant. Michael "Coby" Chestnut, this ⟋⟋ day of

November, 2022.

_____

Michael "Coby" Chestnut

1